**Slip Op. 14-140**

**UNITED STATES COURT OF INTERNATIONAL TRADE**

---

| | |
|---|---|
| GENERAL MILLS, INC., : | |
| : | |
| Plaintiff, : | Before: Nicholas Tsoucalas, |
| : | Senior Judge |
| v. : | |
| : | Court No.: 14-00096 |
| UNITED STATES, : | |
| : | |
| Defendant. : | |

---

**OPINION**

[Defendant's motion to dismiss for lack of subject matter jurisdiction is granted.]

Dated: December 2, 2014

John M. Peterson, Maria E. Celis, and Elyssa R. Emsellem, Neville Peterson LLP of New York, NY, for the plaintiff.

David S. Silverbrand, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, for defendant. With him on the brief were Stuart F. Delery, Assistant Attorney General, Jeanne E. Davidson, Director, and Patricia M. McCarthy, Assistant Director. Of counsel on the brief was Beth C. Brotman, Attorney, Office of the Assistant Chief Counsel, U.S. Customs and Border Protection, of Washington, DC.

**Tsoucalas, Senior Judge:** Defendant, United States (the "Government" or "Defendant"), moves to dismiss Plaintiff General Mills, Inc.'s ("General Mills" or "Plaintiff") complaint for lack of subject matter jurisdiction. General Mills brought its case before the court seeking review of Headquarters Ruling Letter H212286 of January 7, 2014, issued by U.S. Customs and Border Patrol ("CPB") concerning its frozen Brussels sprouts. For the

following reasons, Defendant's motion is granted. See Pl.'s Comp., ECF No. 4 (Apr. 9, 2014).

**BACKGROUND**

General Mills imports frozen Brussels sprouts and frozen butter sauce chips "packaged together and sold as Green Giant brand 'baby Brussels sprouts & butter sauce'" (the "Product"). See Customs Headquarters Ruling Letter H212286 at 92 (January 7, 2014)("HRL H212286"). General Mills describes production of the Product in the following manner:

> First, General Mills sources sauce chips in the United States and the supplier qualifies the sauce chips as NAFTA eligible. The chips are then shipped to Irapuato, Mexico to be proportionately mixed and combined with Brussels sprouts. Brussels sprouts, either of Mexican or Belgian origin, are acquired and frozen to sustain important vitamins and avoid nutrient loss. The challenged ruling concerns only the NAFTA eligibility of products made with Belgian Brussels sprouts.

See Pl.'s Compl. ¶ 11.

General Mills then imports the Product back into the United States. Id. ¶ 12. If the Brussels sprouts are treated as originating goods under the North American Free Trade Agreement ("NAFTA"), the Product is classified as "Special" and receives duty treatment as a product of Mexico. See HRL H212286 at 95-6.

In December 2011, General Mills requested a ruling regarding the tariff classification and eligibility of the Product for NAFTA duty free tariff rates when made using frozen Belgian Brussels sprouts with the butter sauce chips. See Pl. Compl. ¶

13. General Mills alleges that the Product should be classified under HTS subheading 2004.90.85, which provides for "Other vegetables prepared or preserved otherwise than by vinegar or acetic acid, frozen, other than products of heading 2006: Other vegetables and mixtures of vegetables; Other, including mixtures." Id. In accordance with such classification, General Mills further maintains that the Product should be "qualified as a NAFTA-originating product, since the frozen Belgian Brussels sprouts, classifiable under HTS subheading 0710.80.85, underwent the qualifying change in tariff classification required for goods of HTS Heading 2004, to wit, 'a change to headings 2001 through 2007 from any other chapter,' as per Note 12(t)/20 to the HTS." Id. ¶ 14.

General Mills alleges that in March 2012, CBP issued New York Ruling Letter ("NYL") N202500, in which it found that the Product would be classified as "put up in sets for retail sale" and, pursuant to General Rule of Interpretation 3(b) to the HTS, was classifiable as though it consisted solely of that single article which imparted the "essential character" to the set. Id. ¶ 15. Because the Brussels sprouts imparted the "essential character" to the Product, and were a product of Belgium, CBP found that the Product was not NAFTA-originating when made with Belgian sprouts. Id. ¶ 15.

General Mills requested reconsideration of NYL N202500 and alleged that: the Product was not a "set," but rather a "prepared vegetable product" classifiable under 2004.90.85; the Belgian Brussels sprouts undergo a tariff shift due to the packaging with ice chips in Mexico; and General Note 12(s) of the HTSUS does not apply because the Belgian sprouts are not prepared or preserved "merely by freezing, by packing (including canning) in water, brine, or natural juices, or by roasting, either dry or in oil." Id. ¶ 16.

In January 2014, CBP published Customs Headquarters Ruling H212296 in the Customs Bulletin. See HRL H212296 at 92. CBP reclassified the Product as a prepared vegetable product under 2004.90.85. Id. at 97. However, it continued to find that the Product, when produced using Belgian sprouts, was not eligible for NAFTA duty free treatment because it was not a NAFTA-originating product. Id. at 97. Specifically, CBP found that despite the change in tariff classification, an exception to the NAFTA duty treatment applied under General Note 12(s)(ii). Id. at 95. According to the CBP, under General Note 12(s)(ii) the Product does not undergo a qualifying change in Mexico because the Belgian Brussels sprouts are already frozen when they arrive in Mexico, and are prepared by packing in butter, which is "akin to a natural juice". Id. at 96.

In April 2014, General Mills filed Court No. 14-00096 to contest HRL H212296 under 28 U.S.C. § 1581(i), seeking a ruling on the record of the CBP's determination. See Pl.'s Compl. ¶ 1-9. The Government moves to dismiss General Mills' complaint for lack of subject matter jurisdiction. See Def.'s Mem. in Supp. of its Mot. to Dismiss at 1 ("Def.'s Mem."). According to the Government, "because section 1581(a) jurisdiction is available to General Mills, this Court lacks jurisdiction to entertain this action pursuant to 28 U.S.C. § 1581(i)." Id.

**STANDARD OF REVIEW**

"Subject matter jurisdiction constitutes a 'threshold matter' in all cases, such that without it, a case must be dismissed without proceeding to the merits." Demos v. United States, 31 CIT 789, 789 (2007) (not reported in the Federal Supplement) (citing Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998)). "The burden of establishing jurisdiction lies with the party seeking to invoke th[e] Court's jurisdiction." Bhullar v. United States, 27 CIT 532, 535, 259 F. Supp. 2d 1332, 1334 (2003) (citing Old Republic Ins. Co. v. United States, 14 CIT 377, 379, 741 F. Supp. 1570, 1573 (1990)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S.

544, 570 (2007)). "For the purposes of a motion to dismiss, the material allegations of a complaint are taken as admitted and are to be liberally construed in favor of the plaintiff(s)." Humane Soc'y of the U.S. v. Brown, 19 CIT 1104, 1104, 901 F. Supp. 338, 340 (1995) (citing Jenkins v. McKeithen, 395 U.S. 411, 421-22 (1969)).

## DISCUSSION

### I. Legal Framework

Plaintiff seeks judicial review of HRL H212286 in accordance with Section 625(c) of the Tariff Act of 1930, as amended 19 U.S.C. § 1625(c), and the Administrative Procedure Act. Pl.'s Comp. at 1. Plaintiff invoked jurisdiction pursuant to 28 U.S.C. § 1581(i)(4). Id. Defendant moves to dismiss for lack of subject matter jurisdiction. Def.'s Mem. at 1.

This Court's jurisdiction is set forth in 28 U.S.C. §§ 1581 (a)-(i). Subsection (a) vests the United States Court of International Trade ("CIT") with "exclusive jurisdiction of any civil action commenced to contest the denial of a protest [by Customs]". 28 U.S.C. § 1581 (2012). Subsections (b) through (g) delineate other specifics grants of jurisdiction. Id. Subsection 1581(h) vests the CIT with "exclusive jurisdiction of any civil action commenced to review, prior to the importation of the goods involved, a ruling issued by the Secretary of the Treasury, or a refusal to issue or change such a ruling. . ." Id. Subsection

1581(i) jurisdiction is known as "residual jurisdiction," and it is well-settled that "jurisdiction under subsection 1581(i) may not be invoked if jurisdiction under another subsection of section 1581 is or could have been available, unless the other subsection is shown to be manifestly inadequate." Hartford Fire Ins. Co. v. United States, 544 F.3d 1289, 1292 (Fed. Cir. 2008) (citing Int'l Custom Prods., Inc. v. United States, 467 F.3d 1324, 1327 (Fed. Cir. 2006)). "[W]here a litigant has access to [the CIT] under traditional means, such as 28 U.S.C. § 1581(a), it must avail itself of this avenue of approach by complying with all the relevant prerequisites thereto." Id. The litigant "cannot circumvent the prerequisites of 1581(a) by invoking jurisdiction under 1581(i)," unless such traditional means are manifestly inadequate. Id. Therefore, this Court will not entertain a claim under § 1581(i) where "another subsection of 1581 is or could have been available, unless the other subsection is shown to be manifestly inadequate." Id.

"A litigant asking the court to exercise jurisdiction over his or her claim has the burden of establishing that jurisdiction exists." Chemsol, LLC v. U.S., 755 F.3d 1345, 1349 (2014)(citations omitted).

**II. Relief is Available to Plaintiff Under 28 U.S.C. § 1581(a)**

As discussed above, in order to invoke jurisdiction under § 1581(i) Plaintiff must establish that another subsection

of § 1581 was not, and could not, have been available to the litigant at the time it filed its claim. See Hartford Fire Ins. Co., 544 F.3d. at 1292. Plaintiff contends that at the time this case was filed, there were no liquidated entries or pending protests which could have formed the predicate for bringing an action pursuant to § 1581(a). Pl.'s Br. at 9. Plaintiff notes that the availability of a particular form of jurisdiction is determined by the "time of filing" rule, and seeks to support its argument by relying on the Court of Appeals for the Federal Circuit ("CAFC") decision in Ford Motor Co. v. United States, 688 F.3d 1319, 1328 (Fed. Cir. 2012). Id.

In Ford, the CAFC found jurisdiction under § 1581(i) was available for a deemed liquidation claim in which Customs' inaction was at issue. Ford, 688 F.3d. at 1321. The CAFC noted that "it is undisputed that at the time of filing of Ford's complaint, [Customs] had not affirmatively liquidated any of the nine entries. It is also undisputed that the general one-year time period imposed by Congress for liquidating such entries had long since expired". Ford, 688 F.3d. at 1321-2. Under such circumstances, the CAFC held that § 1581(i) jurisdiction was available because the "importer could not have asserted jurisdiction under any of the other enumerated provisions of § 1581". Id.

The facts presented in Ford are unlike the instant case. Whereas the importers in Ford were unable to pursue an

administrative appeal because Customs unlawfully failed to make a decision on any entries held for over one year, here, General Mills was fully capable of making an entry and pursuing the proper procedural path in order to obtain jurisdiction under § 1581(a). See id. at 1327.

Plaintiff also relies heavily on this Court's decision in Best Key Textiles Co. v. United States. Best Key Textiles Co. v. United States, 37 CIT __, __, Slip Op. 13-148 (Dec. 13, 2013) ("Best Key I"), vacated in part on reconsideration, 38 CIT __, __, Slip Op. 14-22 (Feb. 25, 2014) ("Best Key II"). In Best Key I, plaintiff, Best Key Textiles ("Best Key"), a producer of metallized yarn, brought an action seeking "pre-importation declaratory judgment" on a product known as the "Johnny Collar" shirt. Best Key I at 1. Best Key invoked jurisdiction under 28 U.S.C § 1581(h), or in the alternative § 1581(i). Id. at 2. Ultimately, the Court granted defendant's motion to dismiss for lack of subject matter jurisdiction. See id. at 2–8.

In the Best Key litigation, Best Key obtained from the CBP a ruling (the "Yarn Ruling") on its proprietary "BKMY" yarn. Id. In order to obtain "duty rate benefits" of the Yarn Ruling, Best Key "made, or ordered made" a "Johnny Collar" shirt which was comprised of BKMY yarn, and requested from the CBP a ruling concerning the classification of the "Johnny Collar" shirt. Id. at 3. Essentially, Best Key was not seeking a certain rate on its

own product, the BKMY yarn, but rather on the products Best Key's customers produced using its BKMY yarn. Id. at 5–6.

Ultimately, in Best Key I, the Court found that Best Key could not demonstrate that the traditional approach of importing the goods and filing a protest in accordance with § 1581(a) was "manifestly inadequate" because it was not importing the goods, but rather it was trying to obtain a favorable classification for its customers. Id. at 8. The Court found that Best Key had no standing to assert the claims of those remote parties under 1581(i). Id. at 6–8.

However, in Best Key II, the Court subsequently granted Best Key's motion for reconsideration of its holding on § 1581(i) jurisdiction. See Best Key II at 1–2. Although the Court's analysis of § 1581(i) jurisdiction was sparse, it stated the following:

> The court agrees it is "highly questionable" whether a Customs' ruling that lowers the rate of duty on a product the plaintiff has no expressed intention of importing can result in aggrievement or adverse effect to the plaintiff . . . While the court stands by its prior ruling in general, it is, nonetheless, the plaintiff's product that is the subject of the ruling at issue, and the court has undoubted exclusive jurisdiction over the general administration and enforcement of this type of matter in 28 U.S.C. § 1581(i)(4).

Id. at 2.

Plaintiff insists that the Best Key litigation supports its argument that § 1581(i)(4) jurisdiction is available to

challenge HRL H212286.  Pl.'s Br. at 15–18.  Plaintiff contends that the instant case is analogous because as in Best Key II, here, Plaintiff has "no other means of jurisdiction" available to it which would "provide General Mills with the relief sought, namely APA review of the ruling."  Id. at 16.

The court disagrees.  Unlike in Best Key II where Best Key was not the importer of the subject merchandise, here Plaintiff would be the importer, and therefore, would meet the standing requirements pursuant to § 1581(a).  Thus, whereas the unique circumstances presented in Best Key II limited jurisdiction to § 1581(i), here § 1581(a) jurisdiction could have been available to Plaintiff had it chosen to pursue the procedural requirements pursuant to § 1581(a).  See Best Key II at 2.

Ultimately, General Mills could have chosen to import the product and, within one year of importation, file a claim for NAFTA duty-free treatment pursuant to 19 U.S.C. § 1520(d).  19 U.S.C. § 1520(d) (2012).  If Customs were to deny the § 1520(d) claim, General Mills could then choose to file a protest pursuant to 19 U.S.C. § 1514.  19 U.S.C. § 1514 (2012).  If Customs were to deny General Mills' protest, General Mills could then seek judicial review of the denied protest pursuant to 28 U.S.C. § 1581(a).  28 U.S.C. § 1581(a).  Plaintiff's perceived likelihood of success in taking this administrative route does not foreclose its ability to do so.  Because General Mills could have secured jurisdiction

pursuant to 28 U.S.C. § 1581(a), the court therefore does not have jurisdiction pursuant to § 1581(i) unless it is demonstrated that § 1581(a) is manifestly inadequate.

### III. Relief Under 28 U.S.C. § 1581(a) is Not Manifestly Inadequate

In order to be manifestly inadequate, a "protest must be an exercise in futility" or "incapable of producing any result". See Hartford, 544 F.3d at 1294. "[A] belief that [a plaintiff] had no remedy under subsection 1581(a) [does] not make that remedy inadequate, and [parties] cannot take it upon [themselves] to determine whether it would be futile to protest or not". Chemsol, 755 F.3d at 1355 (citations omitted) (internal quotation marks omitted). "[T]he traditional avenue of approach to the court under 28 U.S.C. § 1581(a) was not intended to be so easily circumvented, whereby it would become merely a matter of election by the litigant." Am. Air Parcel Forwarding Co. v. United States, 718 F.2d 1546, 1550 (Fed. Cir. 1983).

Plaintiff argues that even if jurisdiction under § 1581(a) is available, it is "manifestly inadequate" because it would require General Mills to file a future entry of the Product, pay duties, sue for recovery based on CBP's classification, and "incur mandatory changes in marking and administrative costs, which would not be recouped even if it were successful." Pl.'s Br. at 12. Furthermore, Plaintiff insists that § 1581(a) is

inadequate because "it does not lead to judicial review under the APA standard of HRL H212286—rather, it would lead to some future review of a different agency determination, on the basis of a different record, and subject to a different standard of review." Pl.'s Br. at 9 (footnotes omitted).

The court is not persuaded by Plaintiff's arguments. First, Plaintiff alleges various forms of financial hardship which it contends would eliminate its ability to be "made whole" from proceeding under § 1581(a). Pl.'s Br. at 12. Plaintiff insists that "on several prior occasions, this Court has held that the irrevocable cost of sourcing differently or creating new packaging makes protest remedies inadequate and justifies, either as aggrievement or even 'irreparable harm', the direct review of Customs rulings on the record before the Court". Id. at 13 (citing CPC Int'l Corp. v. United States, 19 CIT 978, 979-80 (1995); Ross Cosmetics Distrib. Ctrs. V. United States, 18 CIT 979 (1994); Am. Frozen Food Inst. v. United States, 18 CIT 565, 570-71 (1994)). Plaintiff fails to call to the court's attention the fact that all of the cases it relies on in support of its "irreparable harm" argument confer jurisdiction on the basis of § 1581(h) and not on § 1581(i). Furthermore, it is well settled that "mere allegations of financial harm, or assertions that an agency failed to follow a statute, do not make the remedy established by Congress

manifestly inadequate". See Int'l Custom Products, Inc. v. United States, 467 F.3d 1324, 1327 (Fed. Cir. 2006) (citations omitted).

Furthermore, the court does not agree with Plaintiff that because § 1581(a) jurisdiction does "not lead to judicial review under the APA", it renders the remedy manifestly inadequate. Pl.'s Br. at 9.  "[C]lear precedent exists that the APA is not a jurisdictional statute . . . Thus the APA does not give an independent basis for finding jurisdiction in the Court of International Trade." Am. Air Parcel Forwarding Co., 718 F.2d at 1552.

Ultimately, this court finds that neither the procedural and administrative costs inherent in § 1581(a), nor General Mill's desire to obtain APA review, render the remedy manifestly inadequate.

## IV. Transfer to U.S. District Court for the District of Columbia

Lastly, Plaintiff contends that if it is determined that subject matter jurisdiction does not exist before this Court, the case should be transferred to the U.S. District Court for the District of Columbia ("USDCDC") pursuant to 28 U.S.C. § 1631. See Pl.'s Br. at 22-25. Because this Court finds that § 1581(a) jurisdiction could have been available to Plaintiff it would be inappropriate to transfer this case to the USDCDC. See Conoco, Inc. v. United States Foreign-Trade Zones Bd., 18 F.3d 1581, 1586

(Fed. Cir. 1994) ("If jurisdiction can be found to lie under the provisions of § 1581, such jurisdiction would place exclusive judicial review of the issues raised by the appellants in the Court of International Trade.  Only if no jurisdictional grant can be found in the Court of International Trade would it be appropriate to invoke the general administrative review function of the district courts in such cases.").

## Conclusion

For the reasons stated above, this court finds that jurisdiction under § 1581(a) was available and was not manifestly inadequate, rendering jurisdiction under § 1581(i) improper.  Defendant's motion to dismiss is **GRANTED**.  Plaintiff's complaint is dismissed.  Judgment will be entered accordingly.

                                                        /s/ Nicholas Tsoucalas
                                                    **Nicholas Tsoucalas**
                                                       **Senior Judge**

**Dated:** December 2, 2014
        **New York, New York**